**SMEDBERG MACHINE & TOOL, INC., et al., Plaintiffs-Appellants,**

v.

**Raymond J. DONOVAN, Secretary of Labor, et al., Defendants-Appellees.**

**No. 83–1652.**

United States Court of Appeals, Seventh Circuit.

Argued Jan. 9, 1984.

Decided March 23, 1984.

---

Richard J. Puchalski, Doss, Puchalski, Keenan & Bargiel, Ltd., Chicago, Ill., for plaintiffs-appellants.

Gail C. Ginsberg, Asst. U.S. Atty., Dan K. Webb, U.S. Atty., Chicago, Ill., for defendants-appellees.

Before CUMMINGS, Chief Judge, and WOOD and COFFEY, Circuit Judges.

PER CURIAM.

Plaintiffs are two companies which, pursuant to 8 U.S.C. § 1182(a)(14),[1] separately sought labor certifications from the United

---

1. 8 U.S.C. § 1182(a)(14) provides:

"(a) Except as otherwise provided in this chapter, the following classes of aliens shall be ineligible to receive visas and shall be excluded from admission into the United States:

\*    \*    \*    \*    \*    \*

"(14) Aliens seeking to enter the United States, for the purpose of performing skilled or unskilled labor, unless the Secretary of Labor has determined and certified to the Secretary of State and the Attorney General that (A) there are not sufficient workers who are able, willing, qualified (or equally qualified in the case of aliens who are members of the teaching profession or who have exceptional ability in the sciences or the arts), and available at the time of application for a visa and admission to the United States and at the place where the alien is to perform such skilled or unskilled labor, and (B) the employment of such aliens will not adversely affect the wages and working conditions of the workers in the United States similarly employed. The exclusion of aliens under this paragraph shall apply to preference immigrant aliens described in Section 1153(a)(3) and (6) of this title, and to non-preference immigrant aliens described in Section 1153(a)(7) of this title."

States Department of Labor on behalf of alien employees. Initially the Secretary of Labor denied certification but as a result of administrative review permitted by departmental regulations (see *infra* note 5), administrative law judges overturned the denials and ordered grants of certification. Plaintiffs then sought attorneys fees and costs[2] incurred in connection with their administrative appeals pursuant to the Equal Access of Justice Act (EAJA) provision allowing fee reimbursement to a party prevailing against the government in certain administrative proceedings. 5 U.S.C. § 504(a)(1).[3] In both cases, the administrative law judges denied fees, stating that the EAJA did not apply to labor certification review proceedings since such proceedings are not adversary adjudications. Initially Smedberg filed a complaint in the United States District Court for the Northern District of Illinois seeking review of the fee denials. Subsequently it amended its complaint to add Production Tool Co. as an additional plaintiff.

The government moved that the amended complaint should be dismissed for lack of subject matter jurisdiction, or, alternatively, for failure to state a claim on which relief could be granted (Fed.R.Civ.P. 12(b)(6)). The government based its Rule 12(b)(6) motion on both administrative law judges' decisions that the labor certification review proceeding is not an adversary adjudication so that a condition precedent to plaintiffs' valid claims under the EAJA was missing. The government based its no jurisdiction argument on its interpretation of 5 U.S.C. § 504(c)(2)[4] which sets out the pro-

cedures for obtaining judicial review of an unsatisfactory agency fee determination. The government has labeled as jurisdictional that Section's requirement that a petition for leave to appeal be filed in district court so that plaintiffs' filing a complaint rather than such a petition was not sufficient to confer jurisdiction. District Judge Roszkowski did not explicitly discuss the jurisdictional issue. He agreed with the administrative law judges' decisions that labor certification review proceedings do not constitute adversary adjudications, granted the government's Rule 12(b)(6) motion, and dismissed plaintiffs' complaint. Plaintiffs have appealed the dismissal. We affirm.

## I

Before reaching the merits of plaintiffs' claim, it is necessary to determine whether the district judge had subject matter jurisdiction to consider that claim. We hold that he did. Even assuming that Section 504(c)(2)'s reference to a petition for leave to appeal states a jurisdictional prerequisite, that Section does not specify that the petition be in the form of a pleading with that title. Instead, when the statutory petition requirement is viewed in the context of the entire Section, it is clear that plaintiffs have met whatever jurisdictional prerequisite that may exist.

Section 504(c)(2) specifies that the district court has absolute discretion to refuse to hear an appeal of an agency's fee determination, stating that "[i]f the court denies the petition for leave to appeal, no appeal may be taken from the denial." In this context, it is clear that the statute's refer-

---

2. Smedberg seeks $693.75 in attorney fees and $10.75 in costs (Pl.Br. 5). Production Tool Corporation seeks $562.50 in attorneys fees and $22.75 in costs (Pl.Br. 6).

3. 5 U.S.C. § 504(a)(1) provides:
   "(a)(1) An agency that conducts an adversary adjudication shall award, to a prevailing party other than the United States, fees and other expenses incurred by that party in connection with that proceeding, unless the adjudicative officer of the agency finds that the position of the agency as a party to the proceeding was substantially justified or special circumstances make an award unjust."

4. Section 504(c)(2) provides:
   "A party dissatisfied with the fee determination made under subsection (a) may petition for leave to appeal to the court of the United States having jurisdiction to review the merits of the underlying decision of the agency adversary adjudication. If the court denies the petition for leave to appeal, no appeal may be taken from the denial. If the court grants the petition, it may modify the determination only if it finds that the failure to make an award, or the calculation of the amount of the award, was an abuse of discretion."

ence to a petition for leave to appeal is merely intended to require that the parties signal the district court that it has an absolute right to refuse to consider the appeal. Here plaintiffs have indicated in their complaints that they appealed to the district court pursuant to Section 504 and the government vigorously asserted below that the court lacked jurisdiction. At least under these circumstances, or where a plaintiff orally requests the court to construe its appeal as containing a petition for leave to appeal (see *Fidelity Construction Co. v. United States*, 700 F.2d 1379, 1385 n. 2 (Fed.Cir.1983), certiorari denied, —— U.S. ——, 104 S.Ct. 97, 78 L.Ed.2d 103), the district court is sufficiently alerted to its "opportunity to summarily deny leave to appeal on the fee question" (Government Br. 10) so that any Section 504 jurisdictional requirements have been satisfied. We hold that the district court had subject matter jurisdiction to reach the merits in this case. However, this holding does not limit a district court's discretion to refuse to entertain a Section 504 appeal when the complainant has not filed a petition for leave to appeal. Accord *Fidelity Construction Co. v. United States, supra,* 700 F.2d at 1385 n. 2.

## II

The EAJA's requirement that a government agency pay attorneys fees and expenses is triggered only when the party seeking to obtain them has been subjected by the agency to an "adversary adjudication" and has prevailed there against the agency. Section 504(a)(1), *supra* at note 3. It is undisputed that plaintiffs ultimately prevailed against the Department of Labor in obtaining reversal of the denial of the labor certifications. The issue on appeal is whether the proceedings in which plaintiffs

prevailed were adversary adjudications under Section 504. We agree with the district judge and with the administrative law judges that the labor certification review proceeding is not an adjudication and therefore do not reach the issue, urged by the government, whether the proceeding was adversarial.

■ The EAJA defines adversary adjudication as an "adjudication under Section 554 of this title in which the position of the United States is represented by counsel or otherwise * * *." 5 U.S.C. § 504(b)(1)(c). An adjudication under Section 554 is one "required by statute to be determined on the record after an opportunity for an agency hearing," 5 U.S.C. § 554(a), unless the proceeding falls within one of six enumerated exceptions not relevant here. Thus, as Judge Roszkowski noted, unless an agency hearing is statutorily mandated, the EAJA does not provide for the award of attorney fees to the prevailing party. *Smedberg Machine and Tool Co. v. Donovan*, No. 82 C 5237, slip op. at 2 (N.D.Ill. Feb. 28, 1983) (App. 3).

■ The statutory provision regarding labor certification does not provide for any administrative review, and certainly not a hearing review, of the Secretary of Labor's decisions denying or granting the certifications. See 8 U.S.C. § 1182(a)(14) reproduced *supra* at note 1. Therefore, the EAJA does not provide for attorneys fee awards to plaintiffs who prevailed in those proceedings. The fact that the Department of Labor had chosen to promulgate regulations which permit hearings in review of certification decisions, see 20 C.F.R. § 656.26(e),[5] does not warrant a different result in this case. Even if that regulation were statutorily mandated, and

---

5. 20 C.F.R. § 656.26(e) provides:
    "(e) The Administrative Law Judge shall review the denial of labor certification on the basis of the record upon which the denial of labor certification was made, the request for review and any legal briefs submitted and shall:
    (1) Affirm the denial of the labor certification; or

(2) Direct the Certifying Officer to grant the certification; or
    (3) Remand the matter to the Certifying Officer for further consideration or factfinding and determination; or
    (4) Direct that a hearing be held on the case."

it is not, it merely gives the administrative law judge the discretion rather than the obligation to conduct a review hearing.

 Plaintiffs argue that the labor certification review proceedings is compelled by the due process clause of the Fifth Amendment (U.S. Const., Amend. V) even if the proceeding is not mandated by statute. They contend that the "adjudication under· section 554" clause in Section 504(b) should be interpreted to include both constitutionally and statutorily required proceedings. In urging an expansive reading of that clause, however, plaintiffs fail to recognize that the EAJA is a waiver of the sovereign's traditional immunity from claims for attorneys fees. *Fidelity Construction Co. v. United States, supra,* 700 F.2d at 1385. Therefore, Section 504 must be construed strictly in favor of the United States (see *e.g. Ruckleshaus v. Sierra Club,* — U.S. —, 103 S.Ct. 3274, 77 L.Ed.2d 938 (1983)), and plaintiffs' request for an expansion of the meaning of adjudication is rejected.[6]

---

**6.** Plaintiffs' additional contentions have been seriously considered and are rejected as without merit.