ST. LOUIS FUEL AND SUPPLY COMPANY, INC., et al.,
Appellants,

v.

FEDERAL ENERGY REGULATORY COMMISSION, et al.

No. 88–5399.

United States Court of Appeals, District of Columbia Circuit.

Argued Oct. 17, 1989.

Decided Nov. 21, 1989.

---

Robert A. Jaffee, with whom William H. Bode, Washington, D.C., and John T. Hull, Rockville, Md., were on the brief, for appellants.

Jacob M. Lewis, Atty., Dept. of Justice, with whom Jay B. Stephens, U.S. Atty., William Kanter, Atty., Dept. of Justice, Washington, D.C., and Catherine Cook, Gen. Counsel, F.E.R.C., were on the brief for appellees. R. Craig Lawrence and Nathan Dodell, Asst. U.S. Attys., Washington, D.C., also entered appearances for appellees.

Before WALD, Chief Judge, RUTH BADER GINSBURG and SILBERMAN, Circuit Judges.

Opinion for the Court filed by Circuit Judge RUTH BADER GINSBURG.

RUTH BADER GINSBURG, Circuit Judge:

This appeal concerns the bounds of Congress' provision for awards of costs and attorneys' fees under the Equal Access to Justice Act, 5 U.S.C. § 504 (EAJA). Appellants St. Louis Fuel Supply Company and Diesel Fuel Service (the Companies) had entered into a consent order with the Department of Energy (DOE) settling the Companies' challenge to a DOE price regulation remedial order. Invoking EAJA, the Companies then applied to the Federal Energy Regulatory Commission (FERC) for $32,147.12 in fees and costs. FERC denied the application; the Commission held that proceedings under 42 U.S.C. § 7193(c), the DOE Organization Act provision on contests to remedial orders, do not qualify for EAJA awards. The district court affirmed that decision. *St. Louis Fuel and Supply Co. v. FERC*, Civ. No. 86–2094, 1988 WL 113816 (D.D.C. Oct. 19, 1988) (Memorandum Order affirming denial of application).

■ The sole issue before us [1] is whether the district court correctly ruled that DOE section 7193(c) proceedings fall outside the classification "adversary adjudication" covered by EAJA section 504. EAJA, when applicable, requires the government to bear the cost of unjustified litigation; the animating purpose of the legislation is to avoid discouraging individuals and small businesses from attempting to vindicate their rights. *See* H.REP. No. 1418, 96th Cong., 2d Sess. 10, *reprinted in* 1980 U.S. CODE CONG. & ADMIN.NEWS 4953, 4984, 4988–89. The Companies urge that it would advance the policy underlying EAJA to permit attorneys' fees in DOE section 7193(c) remedial order review proceedings. We do not question that policy assessment. Nonetheless, the statutory language and legislative history we confront require us to conclude that Congress has not provided for fee awards in DOE remedial order contests. We therefore affirm the district court's judgment.

## I.

We begin our analysis by describing the EAJA, Administrative Procedure Act (APA), and DOE Organization Act sections

1. FERC had also rejected the Companies' application as untimely filed. The district court did not pass on this objection, however, and the government has withdrawn it on appeal.

in point. EAJA provides for recovery of fees and other expenses by a prevailing party in an "adversary adjudication ... unless the adjudicative officer of the agency finds that the position of the agency was substantially justified or that special circumstances make an award unjust." 5 U.S.C. § 504(a)(1). "Adversary adjudication," as here relevant, means "an adjudication under section 554 of [the APA] in which the position of the United States is represented by counsel or otherwise...." *Id.* § 504(b)(1)(C).

APA section 554 "applies ... in every case of adjudication required by statute to be determined on the record after opportunity for an agency hearing" with some enumerated exceptions not applicable here. 5 U.S.C. § 554. If an adjudication is governed by section 554, it must feature the following procedural components: an impartial and unbiased presiding officer, *id.* § 556(b); notice and an opportunity to participate in the hearing, *id.* § 554(c); the right of the parties to appear with counsel, *id.* § 553(b); the right to present oral and written evidence (including rebuttal evidence) and to conduct such cross-examination as is required for a full and true disclosure of the facts, *id.* § 556(d); the right to submit proposed findings, conclusions and exceptions, *id.* § 557(c); the compilation of an exclusive record upon which the agency must base its decision, *id.* § 556(e); and limitations on *ex parte* communications and on the combination of prosecutorial and adjudicative functions, *id.* § 554(d).

Section 7193(c) of the DOE Organization Act affords "an opportunity for a hearing" but does not expressly state that the hearing must be "on the record" and does not cross-reference section 554. *See* 42 U.S.C. § 7193(c). Section 7193(c) sets out the following minimum procedural requirements: the opportunity to participate through the submission of briefs, oral or documentary evidence, and oral arguments; cross-examination "to the extent that the Commission in its discretion determines that such is required for a full and true disclosure of the facts"; and the issuance of an order, based on findings of fact, which constitutes

a "final agency decision" subject to judicial review. *See id.* By regulation, FERC has enlarged upon these minimum requirements so that section 7193(c) contests include essentially the same procedural components as those Congress prescribed for section 554 proceedings. *See* 18 C.F.R. § 385.909 (1989).

Relying principally on the statutory texts, the district court concluded that DOE remedial order contests under section 7193(c) do not fit within the EAJA section 504(b)(1)(C) specification "adversary adjudication ... under [APA] section 554." The court thus ruled that Congress had not provided for fee awards to the Companies. In so ruling, the district court rejected the Companies' twin arguments. The Companies maintained in the district court, and repeat on appeal, that DOE section 7193(c) hearings are indeed "subject to" APA section 554; alternatively, the Companies urge that EAJA authorizes fees for proceedings equivalent to those that section 554 covers, even if the proceedings are not strictly "subject to" that section. A sister circuit's precedent supports the Companies' argument that EAJA reaches all adjudications that include the components essential under section 554. *See Escobar Ruiz v. INS,* 813 F.2d 283 (9th Cir.), *aff'd,* 838 F.2d 1020 (9th Cir.1988) (en banc). We nonetheless conclude from the text and legislative history of EAJA section 504 and DOE section 7193(c) that the district court ruled correctly in this case.

## II.

■ We explain first why we find unconvincing the argument that DOE section 7193(c) hearings are "subject to" APA section 554. As the Companies correctly point out, it is inconclusive that DOE section 7193(c) requires only a "hearing," while section 554 applies when a statute commands a hearing "on the record." Our decision, we emphasize, does not turn, mechanically, on the absence of magic words. *See United States v. Allegheny–Ludlum Steel Corp.,* 406 U.S. 742, 757, 92 S.Ct. 1941, 1948, 32 L.Ed.2d 453 (1972). What counts is whether the statute indicates that

Congress intended to *require* full agency adherence to all section 554 procedural components. *See United States v. Florida East Coast Ry.*, 410 U.S. 224, 234–38, 93 S.Ct. 810, 815–18, 35 L.Ed.2d 223 (1973); *Railroad Comm'n v. United States*, 765 F.2d 221, 227 (D.C.Cir.1985); *City of West Chicago, Illinois v. United States Nuclear Regulatory Comm'n*, 701 F.2d 632, 641 (7th Cir.1983) (citing *United States Lines v. FMC*, 584 F.2d 519, 536 (D.C.Cir.1978)).

DOE section 7193(c), as we earlier observed, sets out specific minimum procedural requirements. *See supra* p. 448. The section's short list provides something less than APA section 554 mandates. FERC regulations add protections matching those of the APA, but nothing in the DOE legislation compelled the augmentation. *See Florida East Coast Ry.*, 410 U.S. at 236 n. 6, 93 S.Ct. at 816 n. 6; *Smedberg Machine & Tool, Inc. v. Donovan*, 730 F.2d 1089, 1092 (7th Cir.1984).

We consider it significant that, unlike section 7193(c), other prescriptions in the DOE Organization Act expressly invoke the APA. *See* 42 U.S.C. § 7191(a)(1); *Russello v. United States*, 464 U.S. 16, 23, 104 S.Ct. 296, 300–01, 78 L.Ed.2d 17 (1983) ("[W]here Congress includes particular language in one section of a statute and omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion."). Most directly opposing the conclusion that APA section 554 governs DOE remedial order hearings are the remarks of the legislators instrumental in the enactment of the DOE provisions.

Introducing the House version of section 7193, Congressman Eckhardt noted that it "merely affords minimal due process. It affords a little bit less opportunity for a full adjudicatory type hearing than is afforded by the Administrative Procedure Act." 123 Cong.Rec. 17402–03 (June 3, 1977). Eckhardt further stated, even more particularly, that "[w]e do not grant quite as many procedural safeguards to the person subjected to agency action as does [sic] sections 554 and 556 of the Administrative Procedure Act." *Id.* at 17403. Introducing the Senate version, Senator Javits called attention to the discretion the agency would have in structuring section 7193(c) hearings. *Id.* at 15295 (May 13, 1977).[2]

Section 7193(c) was added in both houses as a floor amendment; therefore no committee report aids our inquiry. The House and Senate provisions required identical procedures, so the conference report also is uninformative. Floor statements are thus the only evidence of congressional intent, and necessarily have some force. Because Eckhardt and Javits sponsored the provisions, moreover, their comments carry "substantial weight." *See Federal Energy Admin. v. Algonquin SNG, Inc.*, 426 U.S. 548, 564, 96 S.Ct. 2295, 2304, 49 L.Ed.2d 49 (1976).

### III.

The Companies maintain most forcibly that even if DOE section 7193(c) proceedings are not subject to APA section 554, EAJA's reference to section 554 should be construed broadly to reach all agency proceedings like or resembling those "under section 554." They urge us to follow Ninth Circuit precedent, set in *Escobar Ruiz, supra*. That case held EAJA applicable to deportation proceedings. The words "under section 554" as used in EAJA section 504, the Ninth Circuit concluded, are most sensibly read to encompass adjudications "of the type referred to in [section 554]," *see Escobar Ruiz*, 813 F.2d at 291, or adjudications "as defined by section 554," *see id.*, 838 F.2d at 1024. We are unwilling so to stretch the word "under" because the usage of the word in EAJA itself tugs against such creative reading, and because we are bound to honor the canon that waivers of the

---

**2.** Some ambiguity is injected into the legislative record by Senator Stone's assertions that section 7193(c) provides "a hearing on the record." *See* 123 Cong.Rec. 15297 (May 18, 1977). However, Senator Stone did not say section 554 would apply, and his remarks must be considered in light of Senator Javits' immediately preceding stress on the flexibility that section 7193(c) accords the agency.

sovereign's immunity must be strictly construed.[3]

The word "under" appears several times in EAJA. In other locations, no creative reading is possible—"under" means "subject [or pursuant] to" or "by reason of the authority of":

> A party seeking an award of fees and other expenses shall, within thirty days of a final disposition in the adversary adjudication, submit to the agency an application which shows that the party is a prevailing party and is eligible to receive an award *under* this section....
>
> If a party other than the United States is dissatisfied with a determination of fees and other expenses made *under* subsection (a)....
>
> Fees and other expenses awarded *under* this subsection shall be paid by any agency over which the party prevails from any funds made available to the agency by appropriation or otherwise.

5 U.S.C. § 504(a)(2), (c)(2), (d) (emphasis added).[4]

We have considered the legislative history of EAJA and find no firm guide there. Arguably at first glance supportive of the Companies' position, the Conference Report states that the statute "defines adversary adjudication as an agency adjudication *defined under* the Administrative Procedure Act where the agency takes a position through representation by counsel or otherwise." H.Rep. No. 1434 (Conf.Rep.), 96th Cong., 2d Sess. 23 (1980), U.S.Code & Admin.News 1980, pp. 4953, 5012 (emphasis added). But this report also notes that the definition provision placed in the Conference text is identical to the one reported by the House Judiciary Committee. *Id.* The House Judiciary Committee's Report indicates that "under" means "subject to."

The House Report notes that the "bill as reported by the Committee on the Judiciary is essentially the same as the Senate passed bill," except for certain listed changes. *See* Equal Access to Justice Act, H.Rep. No. 1418, 96th Cong., 2d Sess. 11 (1980), U.S.Code & Admin.News 1980, pp. 4984, 4989–4990 (hereafter "House Report"). The Senate bill used the words "subject to [554]" rather than "under [554]." *See* S. 265, 96th Cong., 2d Sess. (1980) (as passed by Senate). Tellingly, however, the House Committee did not list as an alteration its substitution of "under" for "subject to." *See* House Report at 11–12, U.S.Code & Admin.News 1980, pp. 4989–4991.

The Companies argue that the House choice of "under" in lieu of the Senate's "subject to" was a substantive change, one that expanded the coverage of the legislation. This attribution of significance to the "subject to"/"under" word switch strikes us as wishful thinking. As just observed, this particular alteration is not even mentioned in the House Report, and there was no previous discussion bearing on the matter. *See Hearings on S. 265 Before the Subcomm. on Courts, Civil Liberties and the Administration of Justice of the House Comm. on the Judiciary*, 96th Cong., 2d Sess. (1980).

The switch to "under" occurred when the House Committee rearranged the bill to fit in another change that did have substantive significance. That change *narrowed* EAJA's coverage from all adjudications subject to section 554 to "adversary" adjudications subject to section 554—those "in which the position of the United States is represented." *See* House Report at 12, U.S.Code & Admin.News 1980, p. 4991. To accomplish this limitation, the Committee added "adversary" before adjudication and composed the subsection that now defines "adversary adjudication." The Committee transferred the reference to APA section 554 to the newly-composed definitional subsection and, in the process, substituted "un-

---

**3.** *Accord Owens v. Brock,* 860 F.2d 1363, 1366–67 (6th Cir.1988) (criticizing *Escobar Ruiz* but also distinguishing it because the statute at issue in *Owens* explicitly disavowed section 554 coverage).

**4.** The meaning of "under" that we glean from EAJA's use of the word in other locations comports with its dictionary definitions. Notably, neither definition advanced by the companies is listed in the dictionary. *See* Webster's Third New International Dictionary 2487 (1981).

der" for "subject to." *See* S. 265, 96th Cong., 2d Sess. (1980) (as reported by House Judiciary Committee). It seems most plausible, given the legislative silence regarding the word change, that the drafters made the substitution either inadvertently or because one word ("under") sounded better than two ("subject to") in the new location.

In sum, we cannot attribute to changes made to effect an alteration reducing coverage the offsetting enlargement the Companies urge. Even if we could find ambiguity in the switch from "subject to" to "under," we would proceed no further, mindful that EAJA is a limited waiver of sovereign immunity, and such waivers must be strictly construed. *See Action on Smoking and Health v. Civil Aeronautics Bd.*, 724 F.2d 211, 225 (D.C.Cir.1984); *see also Nichols v. Pierce*, 740 F.2d 1249, 1257 (D.C.Cir.1984) ("doubts about the scope of a waiver [of sovereign immunity] should be resolved in favor of the narrower governmental liability").

### IV.

We thus conclude that Congress wrote into EAJA a bright-line rule. Attorneys' fees may be awarded in adversary adjudications that are governed by APA section 554; they may not be awarded in adversary adjudications that Congress did not subject to that section. No doubt courts can more easily administer such a rule than one requiring case-by-case determination whether a particular proceeding is close enough to a section 554 hearing to be an adjudication "as defined by" that section or "of the type referred to" in it. We acknowledge, however, the position, expressed by the Administrative Conference of the United States, that "questions of [EAJA] coverage should turn on substance—the fact that a party has endured the burden and expense of a formal hearing—rather than technicalities." 46 FED.REG. 32901 (1981). It is, of course, the province of Congress, not this court, to determine whether EAJA or the DOE Organization Act should be amended.

For the reasons stated, the judgment from which this appeal has been taken is *Affirmed.*