**UTU UTU GWAITU PAIUTE TRIBE OF the BENTON PAIUTE RESERVATION, Plaintiff,**

v.

**DEPARTMENT OF the INTERIOR; Manual Lujan, Secretary of the Department of Interior; Bureau of Indian Affairs; Eddie Brown, Indian Affairs, Defendants.**

**No. Civ. S–90–0311–WBS/GGH.**

United States District Court, E.D. California.

Sept. 23, 1991.

Lawrence R. Stidham, Dorothy Alther, Michael S. Pfeffer, Stephen V. Quesenberry, California Indian Legal Services, Bishop, Cal., for plaintiff.

Debora van der Weijde, Asst. U.S. Atty., Sacramento, Cal., for defendants.

## MEMORANDUM AND ORDER

SHUBB, District Judge.

The court heard oral argument on August 19, 1991 on plaintiff's application for attorney fees under the Equal Access to Justice Act ("EAJA"). 28 U.S.C. § 2412. Defendants opposed the application on two grounds. First, defendants contend plaintiff's application is premature because defendants have appealed. Second, defendants argue that even if the application is timely, an award of fees is not appropriate because the position of defendants was "substantially justified."

### DISCUSSION

A. *Timeliness*

On August 5, 1991, the defendants filed a notice of appeal as to the court's judgment and order filed June 7, 1991, (*Utu Utu Gwaitu Paiute Tribe v. Dept. of Interior*, 766 F.Supp. 842, 91 D.A.R. 7341 (E.D.Cal.1991)), and the court's previous order filed December 7, 1990. Under the EAJA,

> [A] party seeking an award of fees and other expenses shall, within thirty days of *final judgment* in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection....

28 U.S.C. § 2412(d)(1)(B) (emphasis added). In 1985, when it reenacted the EAJA, Congress defined "final judgment" as "a judgment that is final *and not appealable*...." 28 U.S.C. § 2412(d)(2)(G). A "final judgment" for purposes of the EAJA, is a judgment which is "no longer contestable through the appellate process." *Shultz v. Crowley*, 802 F.2d 498, 511 (D.C.Cir.1986), *cert. denied*, 484 U.S. 869, 108 S.Ct. 197, 98 L.Ed.2d 148 (1987) (quoting *Massachusetts Union of Public Housing Tenants v. Pierce*, 755 F.2d 177, 180 (D.C.Cir.1985) and *McDonald v. Schweiker*, 726 F.2d 311, 313 (7th Cir.1983)). *See also, McQuiston v. Marsh*, 790 F.2d 798, 800 (9th Cir.1986) (Ninth Circuit recognizes that 1985 amendment adding 28 U.S.C.

2412(d)(2)(G) "overruled that portion of *McQuiston I,* [*McQuiston v. Marsh,* 707 F.2d 1082, 1085 (9th Cir.1983) ] in which we had defined the term 'final judgment' " as an appealable order).

The court is persuaded that the thirty-day time limit "represents a final deadline for the filing of fee petitions rather than a fixed window within which such petitions must be filed." *Cervantez v. Sullivan,* 739 F.Supp. 517, 519 (E.D.Cal.1990) (Judge Karlton). This conclusion is supported by the legislative history of the 1985 amendment which expressly " 'ratif[ied] the approach' " taken by the Seventh and D.C. Circuits in *McDonald* and *Massachusetts Union. Cervantez,* 739 F.Supp. at 519 (quoting H.R.Rep. No. 120, 99th Cong. 1st Sess. 6, 1985 U.S.Code Cong. & Admin.News 132, 134). The court concludes that the thirty-day provision "establish[es] a deadline, not a starting point," *McDonald,* 726 F.2d at 314, and that petitions may be filed any time after the district court has entered judgment but "within thirty days" of "final judgment." Therefore the court holds that plaintiff's application is not premature.[1]

Nothing in *Melkonyan* persuades the court otherwise. *Melkonyan v. Sullivan,* — U.S. ——, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991). The issue before the Supreme Court was whether a final decision of an administrative agency could be considered a "final judgment" for purposes of filing an EAJA application. *Melkonyan,* 111 S.Ct. at 2159. The parties discussed whether the EAJA application filed by petitioner had been timely. *Id.* at 2165. The petitioner argued that § 2412(d)(1)(B) permitted "him to apply any time up to 30 days after entry of judgment, and even before judgment is entered.... " *Id.* at 2166. The Supreme Court stated explicitly that it would not rule on this issue. *Id.* In addition, the Court acknowledged that Congress resolved a split in authority in the circuits by "explicitly adopting and ratifying the *McDonald* [Seventh Circuit] approach." *Id.* 111 S.Ct. at 2162. Thus *Melkonyan* does not affect the court's analysis of this issue.

### B. *Whether Defendants' Position Was Substantially Justified*

Under the EAJA, a prevailing party is entitled to attorney fees and expenses "unless the court finds that the position of the United States was substantially justified.... " 28 U.S.C. § 2412(d)(1)(A). The defendants bear the burden of proving that their position was substantially justified. *Love v. Reilly,* 924 F.2d 1492, 1495 (9th Cir.1991); *Barry v. Bowen,* 825 F.2d 1324, 1330 (9th Cir.1987). "Substantially justified" means " 'justified in the substance or in the main'—that is, justified to a degree that would satisfy a reasonable person." *Pierce v. Underwood,* 487 U.S. 552, 565, 108 S.Ct. 2541, 2550, 101 L.Ed.2d 490 (1988). A position is "substantially justified" if it has a "reasonable basis in law and fact." *Id.; see also Barry v. Bowen,* 825 F.2d at 1330. To determine whether defendants' position was substantially justified, the court considers the defendants' litigation position and "the action or failure to act by the agency upon which the civil action is based." *Abela v. Gustafson,* 888 F.2d 1258, 1264 (9th Cir.1989) (quoting 28 U.S.C. § 2412(d)(2)(D)).

Plaintiff filed this lawsuit to contest the validity of 43 C.F.R. § 4.603(a), a regulation promulgated by the Department of Interior to implement the EAJA. The Interior Board of Indian Appeals had denied plaintiff's EAJA application pursuant to § 4.603(a) on the ground that the agency adjudication at issue was not mandated by statute. Defendants had interpreted and applied § 4.603(a) to limit EAJA awards to adjudications which are "required by statute to be determined on the record after opportunity for an agency hearing."

Before reaching the merits of the case, the court ruled on two motions to dismiss. In the first motion, defendants argued that plaintiff's exclusive remedy lay

---

1. In light of this conclusion, the court does not reach defendants' objections to an award of interim fees.

under the EAJA, 5 U.S.C. § 504(c), and not the Administrative Procedure Act ("APA"), and that plaintiff's claim was time barred under § 504(c) because not filed within thirty days of the agency's final decision. The court denied the motion by order dated December 7, 1990, ruling that plaintiff could proceed under the APA. In the second motion, defendants argued that the regulatory challenge was time barred because not filed within six years of the date the regulation was published in the Federal Register relying on *Shiny Rock Min. Corp. v. United States*, 906 F.2d 1362 (9th Cir.1990) and 28 U.S.C. § 2401(a). On June 6, 1991, the court denied this motion holding that *Shiny Rock* applied only to procedural challenges.

The court finds that defendants' litigation position with respect to the issue resolved in the court's December 7, 1990 order was substantially justified. This issue was an issue of first impression and defendants advanced "a novel but credible extension or interpretation of the law." *Foster v. Tourtellotte*, 704 F.2d 1109, 1112 (9th Cir.1983) (quoting *S & H Riggers & Erectors v. OSHRC*, 672 F.2d 426, 431 (5th Cir.1982)).

The court further finds that defendants' position with respect to the validity of § 4.603, and the agency action denying the fee petition, was substantially justified. This issue was a "difficult" issue, *Department of Health Serv. Secretary of Health & Human Serv.*, 823 F.2d 323, 328 (9th Cir.1987), and the defendants position was not without support directly on point. *See Smedberg Mach. & Tool v. Donovan*, 730 F.2d 1089 (7th Cir.1984).

However, the court finds defendants' position on the running of the statute of limitations to be inherently unreasonable and thus not substantially justified. Though the court distinguished *Shiny Rock* at some length in its June 7, 1991 opinion, the court criticized defendants' contention that the statute of limitations begins to run on substantive as applied challenges as of the date the regulation is published in the Federal Register. *See Utu*, 766 F.Supp. at 845, 91 D.A.R. at 7342–

43. These concerns form the basis of the court's finding of unreasonableness on that issue. The court concludes nevertheless the government's position as a whole was substantially justified.

C. *Whether the Finding that the Government's Position was Substantially Justified as a Whole Precludes an Award of Fees under the EAJA on an Issue as to which its Position was Substantially Unjustified*

Plaintiff contends that as a prevailing party it is entitled to fees and expenses incurred in responding to unjustified defenses asserted by the government, even though the government may have raised substantially justified claims or defenses during the course of litigation. This issue was addressed in *Goldhaber v. Foley*, 698 F.2d 193 (3rd Cir.1983). In *Goldhaber*, the district court denied an award of fees to a party who obtained the desired relief on one of two claims asserted against the government. It reasoned that where the government was substantially justified in defending against the first claim it was substantially justified in defending against the action as a whole. On appeal, a split panel of the Third Circuit reversed. The majority held that the finding that the United States was substantially justified in defending against the first of plaintiff's claims did not render the position of United States "substantially justified" for purposes of the second claim. The court reasoned, "[w]e would find it incongruous to deny fees to a prevailing party who identifies and defeats one unreasonable government position simply because the government has substantial justification for defending a second claim in the same action." *Id.* at 197. It further stated, we believe that [underlying] purpose [of the EAJA] requires that the words "the position of the United States" must be understood to refer to the government's defense against each of the plaintiff's claims presented before the trial court." *Id.* The dissent reasoned that

the mere fact the government lost on one issue does not mean that their position in the entire case was not substantially jus-

tified. We believe the Act contemplates a view of the entire proceedings, not an issue-by-issue analysis. The government need not produce a flawless case ... Taken as a whole, it is our view that the government was "substantially justified" in taking the position it did in this matter.

*Id.* at 198.

Subsequent to *Goldhaber*, however, the Supreme Court decided *Commissioner, I.N.S. v. Jean*, — U.S. —, 110 S.Ct. 2316, 110 L.Ed.2d 134 (1990). In *Jean*, plaintiffs succeeded in obtaining an award of attorney fees under EAJA after conclusion of the underlying litigation. On appeal, the government argued that plaintiffs were not entitled to fees in the fee litigation phase of the case unless the court finds the government's position was substantially unjustified as to that phase of the litigation. The Supreme Court unanimously rejected this suggestion and held that a second finding is not required before the EAJA fees are awarded for the fee litigation itself.

The Court noted that fees may be awarded to the prevailing party only if the position of the United States was not substantially justified. "The reference to 'the position of the United States' in the singular also suggests that the court need make only one finding about the justification of that position." *Id.* 110 S.Ct. at 2319. The Court concluded, "[a]ny given civil action can have numerous phases. While the parties' postures on individual matters may be more or less justified, the EAJA—like other fee-shifting statutes—favors treating a case as an inclusive whole, rather than as atomized line-items." *Id.* at 2320.

Two cases from the Ninth Circuit have recently interpreted *Jean*. In *Love v. Reilly*, 924 F.2d 1492, 1497 (9th Cir.1991), the court stated that *Jean* held:

that the district court's finding that the government's position lacks substantial justification "operates as a one-time threshold" for fee eligibility. (citations omitted). The Court concluded that "only one threshold determination [of substantial justification] for the entire civil action is to be made."

*Id.* A second case, *Kinney v. IBEW*, 939 F.2d 690 (1991), explained that the rationale of *Jean* is that "requiring the courts to determine fee eligibility twice or more in a single lawsuit would unnecessarily multiply litigation." *Id.* at 693.

These cases correctly state the holding of *Jean*. Were it not for the broad language of *Jean* itself, the court might conclude that *Jean* does not apply to the facts of this case. However, *Jean* in its interpretation of the relevant statutes extends beyond the specific facts of that case. It plainly instructs lower courts to look at EAJA fee cases as an "inclusive whole, rather than atomized line-items," thereby breathing new vitality into the dissent in *Goldhaber* which suggested that "the act contemplates a view of the entire proceedings rather than an issue-by-issue analysis." *Goldhaber*, 698 F.2d at 198. Indeed, *Jean*'s emphasis on the "position" of the United States in the singular directly contradicts the majority view in *Goldhaber* that "position" should be interpreted to refer to more than one position. *Compare Jean*, 110 S.Ct. at 2319 *with Goldhaber*, 698 F.2d at 197.

This interpretation of *Jean* is not inconsistent with the Supreme Court's decision in *Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), authorizing limited fee apportionment in civil rights actions. There, the Court applied 42 U.S.C. § 1988 which does not contain the requirement that the nonprevailing party may defend a fee petition on grounds that its "position in the civil action was substantially justified." Congress' choice of the word "position" in the singular was crucial to the Court's analysis in *Jean* and not applicable to the § 1988 fee issue decided in *Hensley*. Moreover, *Jean* directs courts to look to its decision in *Hensley* for the specific purpose of determining the appropriate amount of fees to be awarded, once entitlement to fees is resolved. *Jean*, 110 S.Ct. at 2320. In this case, the court is faced with the threshold issue of entitlement and not with the contingent question of what fees are appropriate.

Where the government's position in the course of litigation and at the agency level below is substantially justified as a whole, the lack of substantial justification on one procedural issue raised during the course of litigation may not provide a basis for apportioning an award of fees under the EAJA for time spent defending that one procedural issue. *Cf. Haitian Refugee Center v. Meese,* 791 F.2d 1489, 1500 (11th Cir.1986) (Where government's position substantially justified on one procedural issue but not substantially justified as a whole, attorneys should be fully compensated for their work on the case as a whole). In a case such as this, a "line-item," issue-by-issue analysis of substantial justification for purposes of fee computations would invite speculative and inherently inaccurate fee awards. It is impossible for even the most conscientious lawyer to accurately reconstruct and apportion the time spent defending one issue in one of several motions raised during the course of litigation. The figures generated by such calculations would be artificial and imprecise and would necessarily involve district courts, and ultimately appellate courts, in essentially factual disputes not given to precise definition. Such inquiries run contrary to "the desirability of avoiding frequent appellate review of what essentially are factual matters." *Jean,* 110 S.Ct. at 2320 (citing *Hensley v. Eckerhart,* 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)).

In enacting the EAJA, Congress made clear its intention "to eliminate for the average person the financial disincentive to challenge unreasonable governmental actions." *Jean,* 110 S.Ct. at 2321. Yet the statute repeatedly instructs courts and litigants to examine whether the "position" of the United States was "substantially justified." It thus appears that although Congress sought to remove many of the deterrents to challenging government action, it also sought to give the government modest breathing space in conducting otherwise substantially justified litigation. The court observes that at some point along a continuum, the government's assertion of various substantially unjustified claims or defenses may render an otherwise justified litigation posture substantially unjustified. However, that situation is not before the court.

IT IS THEREFORE ORDERED that plaintiff's application for attorney fees and costs under the EAJA be, and the same is, hereby denied.