**William Carlton DART, Petitioner,**

v.

**UNITED STATES of America,
et al., Respondents.**

No. 91–1137.

United States Court of Appeals,
District of Columbia Circuit.

Argued Nov. 22, 1991.

Decided April 24, 1992.

William D. Outman, II, with whom B. Thomas Peele, Washington, D.C., was on the brief, for petitioner.

Gary A. Orseck, Atty., Dept. of Justice, with whom Stuart M. Gerson, Asst. Atty. Gen., Jay B. Stephens, U.S. Atty., and Mi-chael J. Singer, Atty., Dept. of Justice, Washington, D.C., were on the brief, for respondents.

Before MIKVA, Chief Judge, WALD and HENDERSON, Circuit Judges.

Opinion for the court filed by Chief Judge MIKVA.

MIKVA, Chief Judge:

Under the Equal Access to Justice Act, prevailing parties in certain adversary administrative proceedings may recover attorney's fees and costs from the government. This case asks us to decide whether the Equal Access to Justice Act authorizes the award of attorney's fees and costs incurred in an export-control proceeding under § 13(c) of the Export Administration Act. We hold that it does not.

I

In 1984, the Commerce Department obtained an *ex parte* order temporarily denying export privileges to William C. Dart and two corporations in which Mr. Dart was a principal for allegedly conspiring to export to Czechoslovakia without a license upgraded "wafer polishers," which are used in the manufacture of semiconductors. The next year, the Commerce Department formally charged Mr. Dart with violating regulations issued under the Export Administration Act, 50 U.S.C.App. § 2401 *et seq.*

After a hearing under § 13(c) of the Export Administration Act, 50 U.S.C.App. § 2412(c), an administrative law judge dismissed the action against Mr. Dart, finding that the Commerce Department had failed to prove that Mr. Dart knew or should have known that a license was required for the export of wafer polishers to Czechoslovakia. After reviewing the evidence, the Assistant Secretary for Trade Administration (as the Secretary of Commerce's delegee) came to a different conclusion. The Assistant Secretary "modified" the ALJ's decision, imposing on Mr. Dart a large fine and long license suspension.

Mr. Dart unsuccessfully sued the Commerce Department in federal district court, and then appealed to this Court. In *Dart v. United States*, 848 F.2d 217 (D.C.Cir. 1988), this Court found in favor of Mr. Dart, ruling that the Secretary's actions "flunk[ed] the statutory test for reasoned decisionmaking." *Id.* at 231. On remand, the ALJ again ruled in favor of Mr. Dart. This time, the Under Secretary for Export Administration (responsible under a 1988 change in the law) affirmed.

After his victory, Mr. Dart filed a petition for attorney's fees under the Equal Access to Justice Act. The ALJ dismissed the petition, holding that EAJA does not apply to § 13(c) proceedings under the EAA, and the General Counsel of the Department of Commerce affirmed.

Mr. Dart sued again in federal district court, which ruled that the case should have been brought in the Court of Appeals. This Court agreed and the case was transferred here.

## II

Under the Equal Access to Justice Act, when an agency initiates an "adversary adjudication" and loses, the agency must pay attorneys' fees and costs unless the agency's position was substantially justified or unless special circumstances make an award unjust. 5 U.S.C. § 504(a)(1). EAJA defines an "adversary adjudication" as "an adjudication under section 554 of this title"—that is, § 554 of the Administrative Procedures Act—"in which the United States was represented by counsel." 5 U.S.C. § 504(b)(1)(C) (irrelevant exceptions omitted). Because counsel represented the government in Mr. Dart's proceeding, the question here is whether the § 13(c) Export Administration Act hearing involving Mr. Dart was, for EAJA purposes, "an adjudication under section 554" of the APA.

The Supreme Court recently adopted "the most natural reading of the EAJA's applicability to adjudications 'under section 554'"—that "those proceedings must be *'subject to'* or *'governed by'* § 554." *Ardestani v. INS*, —— U.S. ——, 112 S.Ct.

515, 519, 116 L.Ed.2d 496 (1991) (emphasis added). Relying in part on this Court's decision in *St. Louis Fuel & Supply Co. v. FERC*, 890 F.2d 446, 449–51 (D.C.Cir.1989), the Supreme Court rejected an effort to construe the word "under" to reach agency proceedings with procedures substantially similar to those required by § 554 of the APA. *See Ardestani*, 112 S.Ct. at 519–20. We agree with the Ninth Circuit that EEA § 13(c) proceedings are not "subject to" or "governed by" APA § 554, and that the Equal Access to Justice Act does not, therefore, authorize the award of attorney's fees to individuals who prevail in § 13(c) hearings. *See Haire v. United States*, 869 F.2d 531 (9th Cir.1989).

The EAA was enacted in 1979, a year before EAJA became law. In 1985, with EAJA on the books, Congress amended the EAA by adding, among other things, § 13(a):

Except as provided in section 11(c)(2) and subsection (c) of this section, the functions exercised under this Act are excluded from the operation of sections 551, 553 through 559, and 701 through 706 of Title 5, United States Code.

50 U.S.C.App. § 2412(a). The amendment thus "excluded" EAA proceedings from the operation of the APA, including § 554, with two exceptions. The second exception ("subsection (c) of this section") is § 13(c) of the EAA, the section under which the Department of Commerce proceeded against Mr. Dart in this case. One might expect subsection (c), which was also added to the EAA in 1985, to restore the APA provisions excluded by subsection (a). Subsection (c) does so, but not completely. It restores parts of the APA—sections 556 and 557—but, unfortunately for Mr. Dart and others involved in § 13(c) proceedings, not § 554.

Section 13(c) of the EAA provides:

[T]he charged party is entitled to receive a formal complaint specifying the charges and, at his or her request, to contest the charges in a hearing before an administrative law judge. Subject to the provisions of this subsection, *any such hearing shall be conducted in ac-*

*cordance with sections 556 and 557 [of the APA].*

50 U.S.C.App. § 2412(c) (emphasis added). The failure to restore § 554 in EAA 13(c) actions could "scarcely be plainer," as the Ninth Circuit observed. *Haire*, 869 F.2d at 535. Moreover, as the *Haire* court pointed out, a look at the other exception to the general exclusion of the APA from the EEA suggests that *"[a] fortiori* the omission appears to be intentional." *Id.* Section 11(c)(2) of the EAA provides that any administrative sanction for violation of the antiboycott regulations under the EAA must comply "with section 554 through 557 of Title 5." As the Ninth Circuit concluded, "Congress knew how to bring in section 554; it did not do so in [50 U.S.C.App.] § 2412(c)" (*i.e.*, § 13(c) of the EAA). *Id.* The legislative history, finally, erases any doubt about Congress's intent: Congress rejected a bill that would have made § 554 applicable in § 13(c) actions. *See Haire*, 869 F.2d at 535 (citing H.R. 483, 98th Cong., 1st Sess., § 8(c)(2)(C) (1983)).

Mr. Dart contends nevertheless that § 13(c) proceedings are subject to—and therefore "under" for EAJA purposes— § 554 of the APA. Mr. Dart relies on the first half of the analysis in *St. Louis Fuel*, in which this Court considered whether a certain Department of Energy proceeding was "subject to" § 554. *See* 890 F.2d at 448–49. Mr. Dart emphasizes the *St. Louis Fuel* Court's statement that the question whether § 554 governs an agency hearing "does not turn, mechanically, on the absence of magic words. What counts is whether the statute indicates that Congress intended to *require* full agency adherence to all section 554 procedural components." *Id.* (emphasis in original) (citations omitted). Mr. Dart points out that the DOE hearing in *St. Louis Fuel* involved fewer procedures than § 554 requires while the procedures in the § 13(c) hearing in this case were the same as those required by § 554. Mr. Dart argues that, under the *St. Louis Fuel* analysis, § 13(c) proceedings are "subject to" and therefore "under" § 554.

Mr. Dart misconstrues the *St. Louis Fuel* inquiry. Section 554 applies when a statute commands a hearing "on the record." Because some statutes do not use the precise words "on the record," questions arise as to whether § 554 procedural requirements apply nevertheless. A body of law has developed on how to decide whether § 554 procedural requirements must be used at those hearings, a body of law under which, as this Court said in *St. Louis Fuel*, the question is not answered by the presence or absence of "magic words." *See St. Louis Fuel*, 890 F.2d at 448–49 (citing cases). But that body of law is irrelevant here. The Export Administration Act statute is not ambiguous about whether § 554 governs § 13(c) proceedings. The statute explicitly excludes § 554. That is enough to place Mr. Dart in the second half of the *St. Louis Fuel* opinion, the portion echoed in *Ardestani*, where Mr. Dart cannot prevail.

Mr. Dart stresses the reasons why Congress excluded § 554 from EEA § 13(c) proceedings. Export Administration Act proceedings often involve the Commerce Department's military and foreign affairs functions, Mr. Dart points out, but § 554, by its terms, does not apply where the matter involves "the conduct of military or foreign affairs functions." 5 U.S.C. 554(a)(4). Section 554, then, could not apply to EEA § 13(c) proceedings. That explanation does not aid Mr. Dart, however. The fact that Congress had good reasons for not subjecting EAA § 13(c) proceedings to § 554 of the APA only confirms that Congress in fact did not subject EAA § 13(c) proceedings to § 554 of the APA. And under *Ardestani* and *St. Louis Fuel*, agency proceedings not subject to § 554 fall outside EAJA's reach. The Commerce Department, therefore, properly rejected Mr. Dart's application for attorney's fees and costs.

## III

In *Ardestani*, the Supreme Court had "no doubt that the broad purposes of the EAJA would be served by making the statute applicable to deportation proceedings," the type of proceeding before it. 112 S.Ct.

at 521. We think the broad purposes of EAJA may also be served by making the attorney's fee statute applicable to export control proceedings under § 13(c) of the EAA. Mr. Dart spent substantial sums defending himself against charges that were ultimately deemed meritless. The plain language of EAJA and the clear holdings of *Ardestani* and *St. Louis Fuel,* however, leave us no choice but to uphold the denial of attorney's fees and costs.

The Supreme Court pointed out in *Ardestani* that Congress has twice expanded EAJA's definition of "adversary adjudications" to include proceedings previously considered to be outside EAJA's coverage. 112 S.Ct. at 521. The decision to expand EAJA, however, is for Congress, not the courts.

The petition for review is

*Denied.*