**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**
No. 96-2438

Paul H. Reder,                          *
                                        *
      Petitioner,                  *
                                        * Petition for Review from
the
   v.                               * National    Transportation
Safety Board.
                                        *
Administrator of Federal Aviation                          *
Administration; National Transportation                    *
Safety Board,                           *
                                        *
      Respondents.                 *
                                      _____

Submitted:  May 21, 1997

Filed:    July 8, 1997
                                      _____

Before BEAM, MAGILL, and LOKEN, Circuit Judges.
                                      _____

MAGILL, Circuit Judge.


    Paul H. Reder applied to the Federal Aviation
Administration (FAA) for a special issue medical
certificate to allow him to retain his pilot's license.
The FAA denied Reder's application because of Reder's
medical history of heart attacks and seizures.  Reder
appealed the FAA's decision to the National
Transportation Safety Board (NTSB).  The NTSB dismissed
Reder's appeal for lack of jurisdiction.  Reder now

appeals the NTSB's dismissal of his claim to this Court. We reverse and remand.

In July 1994, Reder applied to the FAA for a second-class airman medical certificate.[1]  Reder earns his living by flying crop-duster planes in southern Minnesota over rural terrain.   The FAA "requires a pilot to obtain a medical certificate as a condition to the issuance of an airman's certificate which also certifies the pilot's aviation skills."  Heller v. United States, 803 F.2d 1558, 1560 (11th Cir. 1986) (citing 14 C.F.R. § 61.3(c) (1986)).

On September 9, 1994, the FAA denied Reder's application for a second-class airman medical certificate because Reder did not meet the regulatory standards. Specifically, the FAA denied Reder's application because of his history of myocardial infarction, coronary artery disease, cerebral aneurysms, and subarachnoid hemorrhage requiring surgical intervention.

Also on September 9, 1994, the FAA denied Reder a special issue medical certificate--an airman medical certificate that the FAA has the discretion to issue to

---

[1]The FAA issues medical certificates in three regular classes.  See 14 C.F.R. § 67.13 (First-class medical certificate), § 67.15 (Second-class medical certificate), § 67.17 (Third-class medical certificate) (1994).  An applicant who does not meet the medical standards necessary to obtain a medical certificate in one of the three regular classes may petition the Federal Air Surgeon for a "special issue" medical certificate. See 14 C.F.R. § 67.19 (1994).  Special issue medical certificates are issued "[a]t the discretion of the Federal Air Surgeon." 14 C.F.R. § 67.19(a).  Before issuing a special medical certificate, the Federal Air Surgeon must be satisfied that "the duties authorized by the class of medical certificate applied for can be performed without endangering air commerce." Id.

those pilots who do not meet the regulatory standards for the first-, second-, or third- class airman certificates--even though Reder had not applied for such a certificate. The FAA denied Reder a special issue medical certificate because he had failed a "tilt table

test," and such a failure was "consistent with [a] diagnosis of neurocardiogenic syncope with propensity for vasodepression and hypotension."  FAA Letter (Sept. 9, 1994), reprinted in Appellant's App. at 17.  Finally, the FAA told Reder that he could "request a review of [his] case by the National Transportation Safety Board."  Id.

On November 1, 1994, Reder petitioned the NTSB for review of the FAA's decision, and his case was assigned to an administrative law judge (ALJ).  On February 1, 1995, the ALJ dismissed Reder's case on the ground that the NTSB lacked jurisdiction to review the FAA's denial of a special issue medical certificate.  Reder did not appeal the ALJ's February 1, 1995 decision to the full NTSB board.

On April 6, 1995, Reder gave the FAA additional medical reports and requested reconsideration of the denial of a special issue medical certificate.  Among these additional medical reports was the result of a second tilt table test.  Unlike the earlier test, Reder passed the second tilt table test.  As a result, the FAA aeromedical examiner who gave the second test concluded that Reder should receive a special issue medical certificate.

On June 20, 1995, however, the FAA again denied Reder a special issue medical certificate because Reder's "medical condition is incompatible with the safe performance of airman duties under any condition that could reasonably be prescribed."  FAA Letter (June 20, 1995), reprinted in Appellant's App. at 1.  The FAA concluded that Reder should not pilot an aircraft because

he has a history of "seizure activity of unknown etiology, cerebral aneurysm complicated by subarachnoid hemorrhage requiring surgical intervention, and coronary heart disease manifested by myocardial infarction and treated with coronary bypass surgery." Id. Finally, the FAA letter notified Reder that if he wished "to pursue further the matter of the denial of [his] application for a medical certificate," he could "within 60 days of the receipt of this letter, file an appeal of the denial to the National Transportation Safety Board . . . ." Id.

On August 17, 1995, Reder filed a petition with the NTSB seeking review of the FAA's second denial of a special issue medical certificate. On September 29, 1995, an ALJ of the NTSB dismissed Reder's appeal on the ground that the NTSB has no jurisdiction to review the FAA's denial of a special issue medical certificate.

Reder appealed the ALJ's decision to the full board of the NTSB (Board). On April 5, 1996, the Board dismissed Reder's appeal because "the granting of a special issue certificate, under 49 C.F.R. section 67.19, is completely within the [FAA] Administrator's discretion and, thus, not subject to Board review." NTSB Op. & Order (Apr. 5, 1996), quoted in Appellee's Br. at 7. Reder now petitions this Court for review of the Board's order to dismiss Reder's second appeal.

## II.

The FAA and the NTSB argue that this Court does not have jurisdiction to hear Reder's appeal. We disagree.

Judicial review of FAA or NTSB orders is contemplated by 49 U.S.C. § 44709(f) (1994) of the Federal Aviation Act's Safety Regulations. Section 44709(f) directs that orders of the NTSB or the FAA be reviewed pursuant to 49 U.S.C. § 46110 (1994).

Under Section 46110(a), for an appeal of a FAA or NTSB order to be timely filed, it must generally be filed within sixty days

-7-

after the order is issued.  See 49 U.S.C. § 46110(a).[2]  The FAA and the NTSB therefore argue that Reder did not file a

---

[2]Section 46110(a) provides:

Except for an order related to a foreign air carrier subject to disapproval by the President . . . a person disclosing a substantial interest in an order issued by the Secretary of Transportation (or the Administrator of the Federal Aviation Administration with respect to aviation safety duties and powers designated to be carried out by the Administrator) under this part may apply for review of the order by filing a petition for review in the United States Court of Appeals for the District of Columbia Circuit or in the court of appeals of the United States for the circuit in which the person resides or has its principal place of business.  The petition must be filed not later than 60 days after the order is issued.  The court may allow the petition to be filed after the 60th day only if there are reasonable grounds for not filing by the 60th day.

49 U.S.C. § 46110(a) (emphasis added).

-8-

timely appeal because he did not file his appeal with this Court within 60 days of the FAA's denial of his application. Instead of filing with this Court, Reder appealed the FAA's decision to the NTSB.

Under § 46110(a), this Court may decide to hear an appeal that was filed more than 60 days after the issuance of the order that is being appealed if "there are reasonable grounds for not filing by the 60th day." 49 U.S.C. § 46110(a). We hold that Reder's unsuccessful attempt to exhaust administrative remedies by appealing to the NTSB after both of the FAA's denials of a special issue medical certificate was a reasonable ground for not filing his appeal with this Court by the sixtieth day. Indeed, the FAA specifically told Reder that appealing to the NTSB was the appropriate next step. Consequently, this Court will exercise its discretion to hear Reder's appeal.

## III.

Reder argues that the FAA improperly denied his application for a special issue medical certificate. When reviewing the decision of an agency, we apply a deferential standard of review and will affirm so long as the agency decision is not "arbitrary, capricious, an abuse of discretion, or otherwise not supported by law." Trans-Allied Audit Co. v. Interstate Commerce Comm'n, 33 F.3d 1024, 1030 (8th Cir. 1994). "We

will accept the findings of fact made by the agency, and the reasonable inferences drawn from those findings of fact, as long as the agency's findings are supported by substantial evidence in the record as a whole."  Id.

In this case, however, the FAA has not submitted an agency record to this Court.  Because there is not an administrative record before us, we are unable to review Reder's case.  Consequently, we reverse and remand this case to the FAA with instruction to develop an agency record.  See Federal Communications Comm'n v. ITT World Communications, Inc., 466 U.S. 463, 469 (1984) (noting that the Court of Appeals may remand to the agency to further develop the administrative record when the administrative record is inadequate).

A true copy.


Attest:


CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.