No. 96-3285ND

Darvin R. Lane; Dwight Lane,            *
                                        *
          Appellants,                   *
                                        *
     v.                                 *   Appeal from the United States
                                        *   District Court for the
United States Department of             *   District of North Dakota
Agriculture; Daniel Glickman,           *
Secretary of the U.S. Depart-           *
ment of Agriculture; National           *
Appeals Division of the                 *
USDA, also known as National            *
Appeals Staff of the USDA;              *
Norman G. Cooper, Director              *
of the National Appeals                 *
Division of the U.S. Department         *
of Agriculture; Office of               *
General Counsel USDA; James             *
Gilliand, General Counsel of            *
the U.S. Department of Agricul-         *
ture Consolidated Farm Service          *
Agency; Grant Buntrock, acting          *
Adminisrator of the Consoli-            *
dated Farm Service Agency of            *
the U.S. Department of                  *
Agriculture,                            *
                                        *
          Appellees.                    *

Submitted:  March 10, 1997

Filed: July 14, 1997

Before WOLLMAN and BEAM, Circuit Judges, and LAUGHREY,[1] District   Judge.

_____

[1]The Honorable Nanette K. Laughrey, United States District Judge for the Eastern and Western Districts of Missouri, sitting by designation.

LAUGHREY, District Judge.

This is an appeal from the District Court's order that Plaintiffs, Darvin and Dwight Lane ("Lanes"), are entitled to recover their attorney fees from the United States Department of Agriculture ("Agency") pursuant to the Equal Access to Justice Act ("EAJA"), 5 U.S.C. § 504. We affirm in part, reverse in part, and remand for further proceedings.

The Lanes are brothers who borrowed money through the Farmers Home Administration ("FmHA"). The FmHA denied them delinquent farmer loan servicing and the Lanes appealed to the National Appeals Division ("NAD"). The Lanes won the appeal and then sought their attorney fees under the EAJA, which provides that a United States agency which conducts an adversary adjudication must pay the fees and other expenses incurred by the prevailing party, unless the agency's position is substantially justified or there are special circumstances that make such an award unjust. 5 U.S.C. § 504(a)(1). An "adversary adjudication" is defined in relevant part as an adjudication under § 554 of the Administrative Procedure Act ("APA"), so long as the government is represented by counsel or otherwise. 5 U.S.C. § 504(b)(1)(C). The APA § 554 applies to all adjudications "required by statute to be determined on the record after opportunity for an agency hearing." 5 U.S.C. § 554 (a).

The NAD hearing officer denied the Lanes' EAJA applications, finding that NAD proceedings are not under § 554 of the APA and, therefore, the EAJA did not apply. The hearing officer did not consider the merits of the application for fees because he found the EAJA inapplicable. The Lanes sought judicial review of the agency ruling. The district court granted the Lanes' Motions for Summary Judgment, finding that NAD proceedings are under § 554 of the APA, the EAJA did apply and the Lanes were entitled to recover

their fees and other expenses because the NAD hearing officer did not make a finding that the government's position was substantially justified. The district court's order granting summary judgment is reviewed de novo. <u>Donaho v. FMC Corp.</u>, 74 F.3d 894, 897 (8th Cir. 1996)(citing <u>LeBus v. Northwestern Mut. Life Ins. Co.</u>, 55 F.3d 1374, 1376 (8th Cir. 1995)).

We find that the EAJA is under § 554 of the APA because all three prerequisites for coverage have been satisfied. NAD proceedings are: 1) adjudications; 2)there is an opportunity for a hearing; and 3) the hearing must be on the record. We reject the agency's argument that the NAD statute is not under § 554 of the APA but rather is a separate, comprehensive statutory scheme which supersedes § 554 of the APA. The APA cannot be superseded by a subsequent statute "except to the extent that it does so expressly." 5 U.S.C. § 559. There is no express language in the NAD statute modifying or superseding the APA. Finally, on remand, the NAD hearing officer will be permitted to consider the merits of the Lanes' application for EAJA fees. The agency's failure to consider the merits of the application was because of its finding that the EAJA did not apply to NAD proceedings. The absence of a finding on the agency's justification for its position does not automatically entitle the Lanes to recover their attorney's fees.

## A. APPLICABILITY OF THE EAJA TO NAD PROCEEDINGS

For the EAJA to be applicable to NAD proceedings, the Lanes must establish that a NAD hearing is an adjudication under § 554 of the APA "in which the position of the United States is represented by counsel or otherwise." 5 U.S.C. § 504(b)(1)(C)(I). An adjudication is under the APA if it is governed by § 554 of the APA. <u>Ardestani v. I.N.S.</u>, 502 U.S. 129, 135, 112 S. Ct. 515, 519, 116 L.Ed.2d 496 (1991). <u>See</u> <u>also</u>, <u>St. Louis Fuel & Supply Co., Inc. v. F.E.R.C.</u>, 890 F.2d 446, 450-51 (D.C. Cir. 1989). The question, then, is whether NAD proceedings are governed by § 554 of the APA.

The APA § 554 states that it applies to all adjudications "required by statute to be determined on the record after opportunity for an agency

hearing." 5 U.S.C. § 554(a). An adjudication is defined as an "agency process for the formulation of an order." 5 U.S.C. § 551(7). The review of agency determinations by NAD clearly meets the definition of an adjudication. There is a procedure for hearing facts in dispute, after which the hearing officer or Director must issue a determination. 7 U.S.C. § 6997. The NAD statute also meets the APA § 554 requirement that there be an opportunity for a hearing. Such a hearing is mandatory once requested by a participant. 7 U.S.C. § 6997(b). See, Smedberg Mach. & Tool, Inc. v. Donovan, 730 F.2d 1089, 1092 (7th Cir. 1984).

The only remaining requirement is that NAD proceedings must be on the record. The NAD statute does not expressly require the hearing to be on the record; nonetheless, Congress' intent is clear. "Although Section 554 specifies that the governing statute must satisfy the 'on the record' requirement, those three magic words need not appear for a court to determine that formal hearings are required." City of West Chicago, Ill. v. U.S. Nuclear Regulatory Comm'n, 701 F.2d 632, 641 (7th Cir. 1983). Congress need only "clearly indicate its intent to trigger the formal, on-the-record hearing provisions of the APA." Id. See also, Moore v. Madigan, 990 F.2d 375, 378 (8th Cir. 1993), cert. denied, 510 U.S. 823 (1993).

The NAD statute provides that a participant who appeals an adverse decision shall be given an evidentiary hearing. 7 U.S.C. § 6996(a). The evidentiary hearing consists of a procedure in which the hearing officer has the power to administer oaths and to subpoena witnesses and evidence. 7 U.S.C. § 6997(a)(2). The hearing officer and outside parties are prohibited from ex parte communications. 7 U.S.C. § 6997(a)(2)(A)(B). The hearing officer is not bound by prior factual findings. 7 U.S.C. § 6997(c)(2). The appellant carries the burden of proving that the agency's decision was erroneous, 7 U.S.C. § 6997(c)(4), and the hearing officer must leave the record open for additional information in response to new facts and evidence presented at the hearing. 7 U.S.C. § 6997(c)(3). The appellant or the agency may request that the Director review the hearing officer's determination. 7 U.S.C. § 6998(a). The Director's review is based on the case record (all material related to the adverse decision), 7 U.S.C. § 6991(4)), the record from the evidentiary hearing under 7 U.S.C. § 6997 and any other arguments or evidence the Director chooses to accept. 7 U.S.C. § 6998(b). Judicial review is available upon issuance of a final determination. 7 U.S.C. § 6999.

The repeated references to the record in the NAD statute and its provision for trial-type procedures make it clear that Congress intended for NAD proceedings to be governed by § 554 of the APA. Furthermore, the government admits that NAD proceedings are "on the record," stating, "We do not dispute that . . . 7 U.S.C. §§ 6996-6998 required the hearing officer's decisions to be on the record." (Gov't. Br. at 12).

The agency argues that even if NAD proceedings appear to meet the coverage requirements of the APA, it is not "under" the APA but rather supersedes it. The agency claims that the NAD statutes are a separate, comprehensive statutory scheme that contain express

procedures for conducting hearings. In essence, the agency is arguing that the NAD statutes have amended by implication the provision that makes § 554 of the APA applicable to all adjudications required by statute to be determined on the record after an opportunity for an agency hearing.

The primary flaw in the agency's argument is that the APA specifically states that a "subsequent statute may not be held to supersede or modify this subchapter . . . except to the extent that it does so expressly." 5 U.S.C. § 559. There is nothing in the NAD statutes which expressly states that the APA is inapplicable. By adopting § 559, Congress made it clear that the APA would apply unless there was some expression by Congress that the APA was being superseded. This is a logical approach given the variety of issues and forums covered by the APA and the possibility that Congress would inadvertently adopt a provision that conflicted with the APA or repeat a provision contained in the APA.

We find unpersuasive the agency's reliance on <u>Marcello v. Bonds</u>, 349 U.S. 302, 75 S. Ct. 757, 99 L.Ed. 1107 (1955), in which the Supreme Court held that the APA did not apply to Immigration and Naturalization Service deportation hearings. Congress, in the Immigration and Nationality Act ("INA"), had elaborately adapted the APA to the deportation process, creating a complete and distinct set of procedures. <u>Marcello</u>, 349 U.S. at 310. The NAD statutes contain some variations on the APA but those variations deal primarily with subjects not contained in the APA. Nor are there direct conflicts between the APA and the NAD statutes. <u>Compare</u> 5 U.S.C. §§ 554-557 with 7 U.S.C. §§ 6996-6998. There is one section of the NAD statutes which refers to § 551 of the APA and incorporates by reference the definition of "ex parte communication" contained in the APA. 7 U.S.C. § 6997(a)(2)(A).

Appellant contends that this reference to the APA would not be necessary if the NAD proceedings were under the APA. These minor variations, however, do not approach the major adaptions contained in the INA. Rather, they highlight the confusion that would occur, but for § 559 which forbids amendment of the APA by implication.

More importantly, the INA states that the procedures described in the Act "shall be the sole and exclusive procedure for determining the deportability of an alien under this section." Marcello, 349 U.S. at 309. The petitioner in Marcello argued that this was not a sufficient statement to show that Congress intended the INA to supersede the APA, because Congress simultaneously repealed an earlier statute which stated that the APA did not apply to deportation hearings. Since there was no longer an express provision that the APA did not apply, the deportee in Marcello argued that the APA had to be followed. The Court acknowledged that an exemption from the APA is not lightly presumed, but also found that: 1) the same Congressmen who sponsored the APA had sponsored the INA; 2) there were significant differences between the APA and the INA; and 3) Congress probably thought it unnecessary to include a statement that the INA superseded the APA because the INA stated that it was the "sole and exclusive procedure for determining the deportability of an alien under this section." The Court refused to require Congress "to employ magical passwords in order to effectuate an exemption from the Administrative Procedure Act . . .." Marcello, 349 U.S. at 310. The NAD statutes do not have a similar legislative history. There has never been an expression by Congress that the APA does not apply. There is no provision in the NAD statutes that it is the sole and exclusive procedure for conducting hearings. There is not an extensive adaptation of the APA, only minor variations. The requirements of § 559 clearly have not been met.

Ardestani v. I.N.S., 502 U.S. 129 (1991), is similarly distinguishable. In that case, the Supreme Court held that the EAJA is not applicable to INA deportation hearings because the INA is not under § 554 of the APA. This conclusion is based on the Court's earlier finding in Marcello that Congress had expressly provided that INA proceedings would not be under § 554 of the APA. In contrast, we have found that proceedings before the NAD are under § 554 of the APA. The only remaining question is whether the district judge was correct in remanding the case to NAD for the sole purpose of determining the amount of fees owed to the Lanes.

**B. ISSUE ON REMAND**

The EAJA states that "[a]n agency that conducts an adversary adjudication shall award, to a prevailing party other than the United States, fees and other expenses incurred by that party in connection with that proceeding, unless the adjudicative officer of the agency finds that the position of the agency was substantially justified or that special circumstances make an award unjust." 5 U.S.C. § 504(a)(1).

The district court interpreted this section to mean that the Lanes were entitled to their fees because the NAD hearing officer did not make an affirmative finding that the agency's position was substantially justified. The record is clear, however, that the Lanes' applications for fees were never submitted to the hearing officer for review. Instead, the Lanes were notified by a representative of the agency that the EAJA did not apply to NAD hearings and for that reason their fees could not be recovered.

Relying on 5 U.S.C. § 706(2)(A), the district court found that the refusal of the agency to consider the Lanes' applications was

not justified by law and, therefore, the court need not give deference to the agency's finding. The only finding made by the agency, however, was that the EAJA did not apply. The agency's adjudicative officer has never reviewed the merits of the Lanes' applications for fees. We find that the agency's adjudicative officer must have an opportunity to consider the merits of the application prior to judicial review.

To hold otherwise would put the NAD in an untenable position. Once the NAD personnel concluded that the EAJA did not apply, the adjudicative officer lacked ostensible authority to award EAJA fees. The law is clear that an adjudicative officer cannot decide issues which are not properly before the officer. See, Fidelity Constr. Co. v. United States, 700 F.2d 1379, 1386 (Fed. Cir. 1983), cert. denied, 464 U.S. 826, 104 S. Ct. 97, 78 L.Ed.2d 103 (the board of contract appeals had no authority to award attorney fees under the EAJA where its proceedings were not subject to 5 U.S.C. § 554). If the adjudicative officer had rendered a decision on the attorney fees, he would have violated this principle based on the understanding of the agency at that time. Given that the question of jurisdiction was novel, the agency did not have an obligation to make an advisory decision on the propriety of the Lanes' application.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEAL, EIGHTH CIRCUIT.