# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-1535

_____

Lee H. Allen,       *
      *
      Petitioner,       *
      *
            *       Appeal from an Order of
      v.       *       the National Transportation
            *       Safety Board.
National Transportation Safety Board;       *       [PUBLISHED]
Federal Aviation Administration,       *
      *
      Respondents.       *

_____

Submitted: September 24, 1998

Filed: November 5, 1998

_____

Before WOLLMAN, JOHN R. GIBSON, and MORRIS SHEPPARD ARNOLD,
      Circuit Judges.

_____

PER CURIAM.

Lee H. Allen petitions for review of the National Transportation Safety Board's (Board) award of attorney fees. We affirm.

In a consolidated action, the Federal Aviation Administration sought revocation of Allen's airline transport pilot certificate and the air carrier operating certificate of Excaliber Aviation, Inc. (Excaliber). Allen and Excaliber were represented by the same counsel. Following a hearing, the Board reduced the revocation of Allen's pilot

certificate to a 180-day suspension and affirmed the revocation of Excaliber's certificate. Allen applied for attorney fees and expenses as a prevailing party pursuant to the Equal Access to Justice Act (EAJA), 5 U.S.C. § 504(a)(1), (4) (1997). The Board awarded Allen approximately fifteen percent of the amount claimed.

We will affirm an agency decision if it "is not 'arbitrary, capricious, an abuse of discretion, or otherwise not supported by law.'" See Reder v. Administrator of the Fed. Aviation Admin., 116 F.3d 1261, 1263 (8th Cir. 1997) (quoting Trans-Allied Audit Co. v. Interstate Commerce Comm'n, 33 F.3d 1024, 1030 (8th Cir. 1994)). We can modify the Board's decision only if it is not supported by substantial evidence. See Smith v. National Transp. Safety Bd., 992 F.2d 849, 852 (8th Cir. 1993). Having reviewed the record, we agree that the agency's award is supported by substantial evidence. The Board determined that Allen was partially successful in his defense of the claims. A party who achieves limited success is entitled to recover a reasonable fee commensurate with the results obtained. See Hensley v. Eckerhart, 461 U.S. 424, 440 (1983); Jenkins v. Missouri, 127 F.3d 709, 716 (8th Cir. 1997). In determining Allen's award, the Board requested a summary of attorney fees. Despite this request, Allen failed to provide a breakdown of fees incurred in defending the claims brought against him. In the absence of such evidence, the award of attorney fees cannot be said to be unreasonable in light of the results obtained. See Hensley, 461 U.S. 437 n.12 (quoting Nadeau v. Helgemoe, 581 F.2d 275, 279 (1st Cir. 1978)).

In Hensley, 461 U.S. at 435 n.11, the Court disapproved of applying a strict mathematical formula when awarding attorney fees. Allen prevailed on approximately fifteen percent of his claims, and the Board awarded him fifteen percent of his attorney fees. Nothing in the record, however, leads us to believe that the Board based its award solely upon a strict mathematical formula. Cf. Gumbhir v. Curators of the University of Minnesota, Nos. 97-3066+, slip op. at 8-9 (8th Cir. Oct. 7, 1998) (reasonable fee could not exceed the percentage of the damages recovered).

Alternatively, Allen claims that he is entitled to attorney fees because the demand by the agency was substantially in excess of the decision of the adjudicative officer and was unreasonable when compared with the officer's decision. 5 U.S.C. § 504(a)(4). The Board made a specific finding that the demand that Allen's certificate be revoked was not excessive and that the agency was substantially justified in seeking such revocation. Because substantial evidence in the record as a whole supports this finding, we will not disturb the Board's decision.

The Board's order is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-