# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-2326

_____

Paul H. Reder,               *

                         *

         Petitioner,       *

                         *   On Petition for Review from

   v.                   *   National Transportation and

                         *   Safety Board.

Administrator of Federal Aviation   *

Administration; National Transportation   *

[UNPUBLISHED]

Safety Board,             *

                         *

         Respondents.    *

_____

Submitted:  March 12, 1999
Filed:  March 22, 1999

_____

Before FAGG, LAY, and WOLLMAN, Circuit Judges.

_____

PER CURIAM.

To maintain his pilot's license, Paul H. Reder applied to the Federal Aviation Administration (FAA) for an unrestricted second class airman medical certificate in July 1994.  See 14 C.F.R. § 67.15 (1994).  An FAA doctor examined Reder and concluded he did not satisfy the objective medical standards required for an unrestricted second class certificate.  See id.  The doctor also considered whether Reder qualified for a restricted special issue certificate, which may be granted in the federal air surgeon's discretion when a person does not meet the criteria for an

unrestricted first, second, or third class medical certificate, but the person can perform the class duties without endangering safety in air commerce. See id. § 67.19. In issuing a special certificate, the federal air surgeon may impose operational restrictions deemed necessary or other limits. See id. § 67.19(d). The doctor found Reder unqualified for a special certificate as well. Reder filed a petition for review with the National Transportation Safety Board (NTSB or Board) and an administrative law judge (ALJ) dismissed Reder's petition. In April 1995, Reder provided the FAA with additional medical reports and requested reconsideration of the denial of a special certificate. The federal air surgeon sent Reder a letter denying both second class airman and special certification. Reder filed a petition with the NTSB seeking review of only the FAA's denial of his application for a special certificate. A Board ALJ dismissed Reder's petition for review, stating that although the NTSB can review denials of second class airman certification, the NTSB has no jurisdiction to review the FAA's denial of special certification, which is completely within the FAA's discretion. See Bullwinkle v. FAA, 23 F.3d 167, 171 n.4 (7th Cir. 1994). Reder appealed and the NTSB affirmed.

Reder then petitioned to this court for review. See Reder v. Federal Aviation Admin., 116 F.3d 1261 (8th Cir. 1997) (Reder I). The NTSB and FAA argued we lacked jurisdiction to hear the appeal because Reder had not filed his appeal within sixty days after the FAA's denial of his application. See id. at 1263; 49 U.S.C. § 46110(a) (1994). The FAA had told Reder to appeal to the NTSB, however, and Reder's attempt to do so caused the delay in filing with our court. We thus exercised our discretion to hear Reder's appeal. Nevertheless, we could not determine whether the FAA had properly denied Reder's application for a special certificate because the FAA had not submitted an agency record. We "remand[ed] to the FAA with instruction to develop an agency record." Reder I, 116 F.3d at 1263. In October 1997 Reder asked the NTSB ALJ for a hearing on the denial of a special certificate. The ALJ denied Reder's demand, Reder appealed, and the NTSB dismissed Reder's

2–

petition for review as untimely. Reder now petitions for review of the NTSB's dismissal.

The NTSB properly denied Reder's petition for review. Although we question whether the petition was untimely because it was filed one week rather than immediately after Reder's attorney received the ALJ's order denying the hearing, see 49 C.F.R. § 821.47(a) (allowing ten days), Reder did not belong before the NTSB at all. Our earlier decision directed Reder to the FAA, not the NTSB. We reject Reder's contention that he had a right to an NTSB hearing based on our ruling in Reder I. Likewise, we reject Reder's assertion that a writ of mandamus should issue requiring the FAA to file the agency record with the NTSB.

Reder does not seek any other relief. We observe that at this point in time, the FAA's 1995 denial and the medical records on which the denial is based are nearly four years old. In its brief, the FAA comments that "any medical certification that may have resulted from Mr. Reder's July 7, 1994, application for medical certification would have long since expired [and] irrespective of any jurisdictional issues, has become moot and any relief would be inappropriate." The FAA also "notes that [Reder] need only reapply for special issuance airman medical certification, obtain the agency's action on the application, and then, if appropriate, petition for the [Eighth Circuit's] review on the merits of the agency's action."

We believe the FAA's suggested course of action is the most expeditious route for Reder to follow to resolve this ongoing dispute, even though the FAA is partially responsible for the parties' failure timely to resolve Reder's fitness to fly. After we filed Reder I, the FAA should have immediately filed the administrative record, which it admits existed, with the clerk of our court, or asked the court to clarify where the record should be filed. We question the FAA's willingness to resolve the merits of the agency action in failing to do anything. On the other side of the coin, Reder's

3–

counsel steadfastly ignored the FAA's directions about the procedures Reder should follow. We find it difficult to understand the lack of cooperation between the parties.

In conclusion, we deny the writ of mandamus and affirm the NTSB's dismissal of Reder's petition seeking review of the ALJ's denial of a hearing on special certification.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.