# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-2818

_____

|  |  |  |
|---|---|---|
| Dwight L. Lane; Darvin R. Lane, | * | |
| | * | |
| Appellants, | * | |
| | * | |
| v. | * | |
| | * | Appeal from the United States |
| United States Department of | * | District Court for the District |
| Agriculture; Daniel Glickman, | * | of North Dakota. |
| Secretary of the United States | * | |
| Department of Agriculture; The Farm | * | |
| Service Agency, of the United States | * | |
| Department of Agriculture; | * | |
| Keith Kelly, Administrator | * | |
| of the Farm Service Agency of the | * | |
| United States Department of | * | |
| Agriculture, William G. Jenson, the | * | |
| Judicial Officer of the United States | * | |
| Department  of Agriculture, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted:  May 12, 1999

Filed:  August 10, 1999

_____

Before BEAM, FLOYD R. GIBSON, and MURPHY, Circuit Judges.

_____

BEAM, Circuit Judge.

Darvin and Dwight Lane (the Lanes) appeal the district court's dismissal of their declaratory judgment action. The Lanes challenge the administrative regulations that permit an executive appeal from an initial award of attorney fees under the Equal Access to Justice Act, 5 U.S.C. § 504 (EAJA). The district court dismissed the action, finding that there had been no final agency action and therefore the case was not ripe for review. We affirm.

## I.    BACKGROUND

This is the second time these parties have been before this court and we will only briefly recount the lengthy factual and procedural history of this case. See Lane v. United States Dep't of Agric., 120 F.3d 106 (8th Cir. 1997). The Lanes borrowed money from what was formerly known as the Farmers Home Administration (FmHA), and later applied for delinquent loan servicing. The FmHA, a part of the United States Department of Agriculture (USDA), denied their request, and the Lanes successfully appealed to the National Appeals Division. The Lanes then sought attorney fees under the EAJA. See 5 U.S.C. § 504. After an administrative hearing, the National Appeals Division adjudicative hearing officer awarded the Lanes fees and expenses under the Act. The USDA appealed the decision under USDA regulations promulgated under the EAJA. In response, the Lanes brought this action in district court, challenging the agency's authority to implement regulations providing for an administrative appeal of an award of attorney fees under the EAJA. The government's administrative appeal has been stayed pending the outcome of this action.

The Lanes argue that the EAJA does not provide for agency review of National Appeals Division determinations, and that the decision of the National Appeals Division adjudicative officer is final. The USDA contends that the EAJA and the implementing regulations provide for an administrative appeals process, which it has

utilized, and that judicial review is not available until the administrative appeals proceeding has produced a final agency decision.

The district court granted the USDA's motion to dismiss. It reasoned that the agency action was not yet final. Although the district court mentioned the "exhaustion doctrine," it further reasoned that the case was not "ripe for judicial review because, among other things, no final adverse action has been taken . . . [and] further agency action could render a challenge moot or result in piecemeal challenges and review." The Lanes appeal. We affirm.

## II.    DISCUSSION

The EAJA permits parties who prevail against the United States to recover attorney's fees and related expenses if the government's position was not substantially justified. See 5 U.S.C. § 504(a)(1). The EAJA provides for fee awards in adversary administrative proceedings. See id. The prevailing party must submit an application for fees and expenses to the agency within thirty days of a final disposition. See id. at § 504(a)(2). The statute directs each agency to establish rules setting forth "uniform procedures for the submission and consideration of applications for an award of fees and other expenses." Id. at § 504(c)(1). The regulations promulgated by the USDA under section 504 provide for review of the decision of the adjudicative officer. See 7 C.F.R. § 1.201. According to the regulations, that decision becomes the agency's final administrative decision. See 7 C.F.R. §§ 1.201, 1.146(b).

The Lanes do not challenge the National Appeals Division adjudicative officer's decision, but instead challenge the regulatory scheme that allows the USDA to appeal from the adjudicative officer's decision. We agree with the district court that the doctrine of ripeness, as it applies to judicial intervention in administrative action, precludes it from asserting jurisdiction over the matter.

The Lanes seek a declaratory judgment. Thus, judicial review "is subject to an implicit limitation" because review of such actions is discretionary. Reno v. Catholic Soc. Servs., Inc., 509 U.S. 43, 57 (1993). Courts are reluctant to intervene unless the action arises "'in the context of a controversy "ripe" for judicial resolution.'" Id. (quoting Abbott Lab. v. Gardner, 387 U.S. 136, 148 (1967)). Factors to consider in determining whether an issue is ripe for judicial relief in the administrative context are whether: (1) the issues presented are purely legal, (2) the issues are based on final agency action, (3) the controversy has a direct and immediate impact on the plaintiff's business, and (4) the litigation is calculated to expedite final resolution rather than delay or impede effective agency enforcement. See Abbott Lab. v. Gardner, 387 U.S. at 149-154 (abrogated on other grounds by Califano v. Sanders, 430 U.S. 99 (1977)); Toilet Goods Ass'n v. Gardner, 387 U.S. 158 (1967); Gardner v. Toilet Goods Ass'n, 387 U.S. 167 (1967).

Applying these standards, we find that there has been no final agency action and thus, the action is not ripe for judicial intervention under the Abbott Laboratories test. The EAJA provides that "[t]he *decision of the adjudicative officer of the agency* under this section *shall be made a part of the record containing the final decision of the agency*" and that "[t]he *decision of the agency* on the application for fees and other expenses *shall be the final administrative decision*." 5 U.S.C. § 504(a)(3) (emphasis supplied).

Thus, the "decision of the adjudicative officer of the agency" is not necessarily the "final decision of the agency." Any other interpretation would render the phrase "shall be made a part of the record containing the final decision of the agency" superfluous. See Adams v. Apfel, 149 F.3d 844, 846 (1998) (indicating the court's reluctance to interpret a statutory provision in a manner that renders other provisions in the same enactment superfluous). Thus far, there has only been a "decision of the adjudicative officer" and not a "final decision of the agency." Therefore, the Lanes's declaratory judgment action is not ripe.

We are not unsympathetic to the Lanes's plight. This litigation has a long and tortured history and the USDA does not have an unblemished record of equitable treatment of the Lanes. Although the doctrine of ripeness precludes our intervention at this time, counsel for the USDA has assured us that this matter will be reviewed on administrative appeal "in an expeditious fashion." We will then be in a position to review the fairness of the agency's action and we certainly stand ready to do so, if necessary.

## III. CONCLUSION

The judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.