# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3257

_____

| | | |
|---|---|---|
| Dwight L. Lane; Darvin R. Lane, | * | |
| | * | |
| Appellants, | * | |
| | * | |
| v. | * | |
| | * | |
| United States Department of | * | |
| Agriculture; Ann M. Veneman, | * | Appeal from the United States |
| Secretary of the United States | * | District Court for the District |
| Department of Agriculture; the | * | of North Dakota. |
| Farm Service Agency of the United | * | |
| States Department of Agriculture; | * | [PUBLISHED] |
| Keith Kelly, Administrator of the | * | |
| Farm Service Agency of the United | * | |
| States Department of Agriculture; | * | |
| William G. Jenson, the Judicial | * | |
| Officer of the United States | * | |
| Department of Agriculture, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted:  June 12, 2002

Filed:  June 21, 2002

_____

Before HANSEN, Chief Judge, FAGG and BOWMAN, Circuit Judges.

_____

PER CURIAM.

Brothers Dwight L. Lane and Darvin R. Lane (the Lanes) are before this Court for the third time pursuing attorney's fees from the United States Department of Agriculture (the Agency) under the Equal Access to Justice Act (EAJA). 5 U.S.C. § 504 (2000). This case began when the Farmers Home Administration (now the Farm Service Agency, or FSA) did not review the Lanes' applications for delinquent loan servicing within 90 days, then denied the applications. The Lanes appealed the denial to the National Appeals Division (NAD) and won. The Lanes then sought attorney's fees under the EAJA. In the Lanes' first appeal to this Court, we concluded the appeal to the NAD was an adversary adjudication under the Administrative Procedures Act thus attorney's fees were available under the EAJA. Lane v. United States Dep't of Agriculture, 120 F.3d 106, 109-10 (8th Cir. 1997). We remanded the case so the NAD hearing officer could consider the merits of the Lanes' fee petitions.

The NAD hearing officer found the Lanes were prevailing parties, the Agency's position in the underlying denial of delinquent loan servicing was not substantially justified, and no special circumstances existed that would make a fee award unjust. The NAD officer awarded Dwight Lane $95,933.45 and Darvin Lane $118,064.26 for attorney's fees, agent's fees, and costs. The FSA petitioned the Judicial Officer of the USDA for review of the NAD officer's fee award. While the FSA's administrative appeal was pending, the Lanes challenged the FSA's authority to bring an administrative appeal to an EAJA award. Because the agency decision was not final, the challenge was dismissed as premature. Lane v. United States Dep't of Agriculture, 187 F.3d 793, 795 (8th Cir. 1999). The Judicial Officer resolved the administrative appeal by reducing Darvin's award to $27,353.30 and Dwight's award to $28,043.30, for a total reduction of $158,601.17. The Lanes then petitioned the district court for review. The district court* granted the Agency's motion for

---

*The Honorable Rodney S. Webb, United States District Judge for the District of North Dakota.

-2-

summary judgment, affirming the Judicial Officer's reduced award. The Lanes now appeal. Having reviewed the record de novo and considered the facts and all reasonable inferences that can be drawn from them in the light most favorable to the Lanes, we conclude the district court correctly granted summary judgment to the Agency. Forrest v. Kraft Foods, Inc., 285 F.3d 688, 691 (8th Cir. 2002).

Although the Lanes claim the district court did not apply the proper standard of review, we disagree. Abuse of discretion governs review of fee awards, however, questions of law are reviewed de novo. Jenkins v. Missouri, 127 F.3d 709, 713 (8th Cir. 1997). The record shows the district court properly considered legal issues de novo and applied legal conclusions to the factual record made before the administrative agency. 5 U.S.C. § 554(c)(2) (2000). The district court correctly recognized its authority to modify the fee award is limited to situations where the fee award was unsupported by substantial evidence. Allen v. Nat. Trans. Safety Bd., 160 F.3d 431, 432 (8th Cir. 1998).

The Lanes object to the Judicial Officer's exclusion of agent's fees from the fee award. Like the Judicial Officer and the district court, we reject the Lanes' claim that the EAPA allows recovery of both attorney's and agent's fees. The plain language of the statute reads "'fees and other expenses' includes the reasonable expenses of expert witnesses, the reasonable cost of any study . . ., and reasonable attorney or agent fees." 5 U.S.C. § 504(b)(1)(A) (2000); Duncan v. Walker, 533 U.S. 167, 172 (2001) (statutory construction begins with the language of the statute). Contrary to the Lanes' contention, "or", in "attorney or agent fees" is disjunctive, meaning a claimant cannot receive fee awards for both attorney and agent fees. United States v. Smith, 35 F.3d 344, 346 (8th Cir. 1994). Congress intended agent fees to be awarded where a nonattorney represents a party before an administrative agency. See H.R. Rep. No. 96-1418 (1980) reprinted in 1980 U.S.C.C.A.N. 4984, 4993. The reduced award is consistent with the intent of Congress to reduce the deterrent effect of the expense of seeking review of unreasonable government action because it

compensates the Lanes for their reasonable representation-related expenses. Id. Even if the statute is construed to permit awards of both attorney's and agent's fees, we agree with the Judicial Officer that awarding fees to both Lanes' attorneys and agent would be unreasonable. The Judicial Officer found that the Lanes' were represented by two attorneys who specialized in agricultural law, the agent served in a representational capacity, and three representatives were unnecessary. This fee reduction is supported by substantial evidence and is not an abuse of discretion.

The Lanes also claim the Judicial Officer abused his discretion by disallowing fees that accrued before the date the USDA formally denied the delinquent loan servicing applications. The EAJA allows for awards of fees and expenses in connection with an adversarial adjudication proceeding. Section 504(b)(1)(C) defines adversarial adjudication meaning an adjudication under 5 U.S.C. § 554, when the United States is represented by counsel and the controversy is resolved after a hearing on the record. The Lanes contend the adversarial proceeding began when the Agency failed to review their applications for delinquent loan servicing within the 90 day time limit and investigated them for bad faith. The Agency's notification that it was seeking legal advice on whether the Lanes had acted in bad faith, while adversarial, does not transform the Agency's review of the loan servicing application into an adjudicative proceeding. The Judicial Officer's finding that the adversarial adjudication began no earlier than the denial of the Lanes' applications is not an abuse of discretion. See Friends of the Boundary Waters Wilderness v. Thomas, 53 F.3d 881, 887-88 (8th Cir. 1995) (strictly construing the Government's partial waiver of sovereign immunity).

We thus affirm on the basis of the district court's well-reasoned opinion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.