# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 3, 2011

Lyle W. Cayce
Clerk

No. 10-60427
Summary Calendar

PAUL HAYDEN COOPER,

Petitioner

v.

FEDERAL AVIATION ADMINISTRATION,

Respondent

Petition for Review of Orders of the
National Transportation Safety Board
NTSB # SM-5005

Before JOLLY, GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

Petitioner Paul Hayden Cooper applied to the Federal Aviation Administration ("FAA") for a first-class airman medical certificate.[1] The FAA denied his application, citing two disqualifying diagnoses: (1) diabetes mellitus requiring oral hypoglycemic medication for control; and (2) bipolar disorder.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] For a general discussion of the FAA's authority and responsibilities in the issuance of medical certificates, see *Bullwinkel v. FAA*, 23 F.3d 167, 169 (7th Cir. 1994).

No. 10-60427

Cooper does not dispute that he suffers from diabetes mellitus requiring oral hypoglycemic medication for control, but he contends that he does not suffer from bipolar disorder. After the FAA denied his application, Cooper filed a petition for review with the National Transportation Safety Board ("NTSB"). Based on his undisputed diabetes diagnosis, the administrative law judge dismissed Cooper's appeal without a hearing. Cooper then appealed to the full NTSB, which denied the appeal and affirmed the administrative law judge's decision. Cooper moved for rehearing, reargument, reconsideration, and modification of the order. The NTSB denied Cooper's motion, and he filed a timely petition for review.

Cooper argues that the NTSB erred in denying his appeal without conducting a hearing on the contested issue of whether he suffers from bipolar disorder. Under the Administrative Procedure Act ("APA"), we review an agency decision to determine if it was arbitrary, capricious, or an abuse of discretion. 5 U.S.C. § 706(2)(A); *see also City of Abilene v. EPA*, 325 F.3d 657, 664 (5th Cir. 2003). Where the denial of a medical certificate hinges on a disputed issue of fact, it may be "arbitrary and capricious to deny [the petitioner] a hearing at which he could offer evidence." *Singleton v. Babbitt*, 588 F.3d 1078, 1085 (D.C. Cir. 2009). By the same token, "even when a statute mandates an adjudicatory proceeding, neither that statute, nor due process, nor the APA requires an agency to conduct a meaningless evidentiary hearing when the facts are undisputed." *United States v. Cheramie Bo-Truc No. 5, Inc.,* 538 F.2d 696, 698 (5th Cir. 1976). The general medical standards for a first-class airman medical certificate require that the applicant have "[n]o established medical history or clinical diagnosis of diabetes mellitus that requires insulin or any other hypoglycemic drug for control." 14 C.F.R. § 67.113(a). It is undisputed that Cooper failed to meet this requirement.

2

No. 10-60427

Cooper argues that he was entitled to a hearing on his alleged bipolar disorder nonetheless, because the correctness of that diagnosis is relevant to his eligibility for the special issuance of a medical certificate by the Federal Air Surgeon. The FAA concedes that, despite Cooper's ineligibility under the general medical guidelines, he may seek a special issuance of a medical certificate pursuant to 14 C.F.R. § 16.401. *See Reder v. FAA*, 116 F.3d 1261, 1263 (8th Cir. 1997) (considering appeal of denial of special issuance of medical certificate). Cooper's potential eligibility for a medical certificate via that alternative process, however, is immaterial to the NTSB's review of his initial denial of a certificate below. Both the administrative law judge and the NTSB made clear that their rulings were based solely on the Cooper's undisputed diabetes diagnosis. Cooper has identified no authority to support the contention that the NTSB is required to engage in additional fact-finding that would serve no purpose other than to assist (or hinder) Cooper in his application for a special issuance of the denied certificate. The NTSB's duty is to review whether an application "meets the applicable regulations and standards" for the issuance of an unrestricted certificate. 49 U.S.C. § 44703(d)(2). Once the Board concluded that Cooper did not meet those regulations and standards, a hearing on additional matters was unnecessary.

For the foregoing reasons, Cooper's petition for review is DENIED.